IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTOINETTE AGEE and EARNEST
AGEE,

            Plaintiffs,

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
CAL-WESTERN RECONVEYANCE, and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

            Defendants.

No. 6:12-cv-01873-HZ

OPINION & ORDER

Jessica L. Wingler
DC Law, Johnson & McKinney PC
445 SE Kane Street
P O Box 1265
Roseburg, OR 97470

/ / /
/ / /
/ / /

1 - OPINION & ORDER

Dan G. McKinney
Nilsen, Johnson & McKinney, PC
435 SE Kane Street
PO Box 1265
Roseburg, OR 97470

    Attorneys for Plaintiffs

Rochelle L. Stanford
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
PO Box 17935
San Diego, CA 92177-0935

David J. Boulanger
Cosgrave Vergeer Kester LLP
888 SW Fifth Avenue, Suite 500
Portland, OR 97204

    Attorney for Defendants Mortgage
    Electronic Registration Systems, Inc. and
    Federal National Mortgage Association

Timothy B. Hering
Dunn Carney Allen Higgins & Tongue, LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204-1357

    Attorney for Defendant Cal-Western
    Reconveyance

HERNANDEZ, District Judge:

    Plaintiffs Antoinette and Earnest Agee bring this wrongful foreclosure action against Defendants Federal National Mortgage Association ("Fannie Mae"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Cal-Western Reconveyance. Defendants Fannie Mae and MERS move for judgment on the pleadings [#13].[1] I grant the motion.

/ / /

/ / /

---

[1] Defendant Cal-Western joined in the motion (Dkt. #16), but has since filed bankruptcy and has been dismissed from the case (Dkt. #22, 23).

2 - OPINION & ORDER

BACKGROUND

Plaintiffs allege that they are owners of the property located at 880 South Elk Creek Road in Drain, Oregon. Compl. ¶ 4. On November 5, 2007, the trustee issued a Notice of Default and Election to Sell because Plaintiffs had defaulted on a loan that was secured by the trust deed. Stanford Decl. (Dkt. #15) Ex. 1.[2] On November 8, 2007, the trustee mailed Plaintiffs and the occupants of the property with a Notice of Sale and then personally served Plaintiffs and the occupants with the Notice of Sale on November 12, 2007. Stanford Decl. Ex. 2 at 2, 5. While in default, Plaintiffs executed a Warranty Deed for the property to Grady and Rita Stewart on June 4, 2008. Stanford Decl. Ex. 3. A couple of days earlier on June 2, 2008, the Stewarts had obtained a loan that was secured by the trust deed. Compl. Ex. 2.[3] After the sale of the property from Plaintiffs to the Stewarts, Plaintiffs continued to live on the property. Compl. ¶ 6.

On August 30, 2009, Defendant Cal-Western Reconveyance, as trustee, issued a Notice of Sale after the Stewarts had defaulted on their loan. Stanford Decl. Ex. 4 at 3. The Notice of Default and Election to Sell was recorded on September 1, 2009. Compl. Ex. 3. The Notice of Sale was mailed to the Stewarts and the occupants of the property on September 3, 2009 and served personally on September 5, 2009 to the occupants[4] of the property. Stanford Decl. Ex. 4

---

[2] Defendants request that I take judicial notice of the Notice of Default and Election to Sell dated November 7, 2007, the Notice of Sale dated February 27, 2008, the Warranty Deed dated June 13, 2008, the Notice of Sale dated February 9, 2010, the complaint filed by Plaintiffs in Agee v. Grady Stewart, et al, Case No. 10CV2559CC, the judgment obtained by Plaintiffs in Agee v. Grady Stewart, et al, and the abatement order in Federal National Mortgage Association v. Grady Stewart, et al, Case No. 12CV2705ET, all of which were recorded in Douglas County. Stanford Decl. Exs. 1-7. Judicial notice of these documents is appropriate because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). I grant the request and the exhibits will be considered for this motion. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).

[3] Exhibits attached to the complaint may be considered for this motion. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).

[4] The affidavit of service states that the Notice of Sale was personally served to "Jetamiah Agee & Toni & Earnest Stewart." Stanford Decl. Ex. 4 at 9.

3 - OPINION & ORDER

at 1, 7, 9.  The sale was scheduled to take place on January 5, 2010.  Id. at 3.  After the sale, on February 22, 2010, Defendant Fannie Mae obtained title to the property through the trust deed.  Compl. Ex. 1 at 1.

On June 30, 2010, Plaintiffs sued Grady Stewart dba Prowgrowth Investment Corporation, Thomas Doung dba Thompson & Evans Inc., and American Home Loan for breach of contract and to quiet title to the property.  Compl. ¶ 4; Stanford Decl. Ex. 5.  Plaintiffs obtained a default judgment and money award for $262,194.44 on May 16, 2011.  Stanford Decl. Ex. 6.  In 2012, Fannie Mae brought a forcible entry and detainer ("FED") action against Plaintiffs and the Stewarts.  Id. at Ex. 7.  Subsequently in August 2012, Plaintiffs brought this present action.  The FED action has been abated pending the outcome of this action.  Id.

## STANDARDS

A motion for judgment on the pleadings may be brought after the pleadings are closed but within such time as not to delay the trial.  Fed. R. Civ. P. 12(c).  Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule.  Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1055 n4 (9th Cir. 2011).  If matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment.  Fed. R. Civ. P. 12(d).

Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law.  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).  All allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party.  Id.  To survive a Rule 12(c) motion, "the complaint's factual allegations, together with all reasonable inferences, [must] state a plausible claim for relief."  Cafasso, 637 F.3d at 1053 (citing Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009).  The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct."  Iqbal, 556 U.S. at 679.

## DISCUSSION

Plaintiffs allege the following claims:  (1) quiet title and (2) invalid foreclosure in violation of ORS § 86.735.[5]  Compl. 2-4.  Defendants argue that they are entitled to judgment on the pleadings because Plaintiffs lack standing, Plaintiffs were given proper notice of the sale after their default, and the trust deed was properly recorded.  Defs.' Mem. 7, 9, 10.

A.    Quiet Title

"To secure a judgment quieting title, plaintiffs must prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants."  Coussens v. Stevens, 113 P.3d 952, 955 (Or. Ct. App. 2005) (citing ORS § 105.605).  Plaintiffs' claim to superior title is based on allegations that they obtained a default judgment to quiet title against Grady Stewart, Thomas Doung, and American Home Loan in May 2011 and that Fannie Mae failed to intervene in the case to protect its interest before the default judgment was awarded.  Compl. ¶¶ 4-5.

Plaintiffs argue that they still have an interest in the property because their title to the property was fraudulently taken from them by the Stewarts, Doung, and American Home Loan.  Pls.' Resp. 4; Stanford Decl. Ex. 5.  The evidence shows that after the Stewarts defaulted, Fannie Mae obtained title to the property on February 22, 2010.  The evidence also shows that proper notice of the default and election to sell was given to the Stewarts and the occupants of the property.  Importantly, Fannie Mae obtained title to the property more than a year before Plaintiffs obtained a default judgment to quiet title in May 2011.  At the time that Plaintiffs obtained the default judgment in May 2011, Stewart, Doung, and American Home Loan did not

---

[5] Plaintiffs' third claim for "injunctive relief" is not a claim, but a requested remedy.

5 - OPINION & ORDER

have any interest in the property. The interest had already transferred to Fannie Mae. Additionally, Plaintiffs' default judgment only shows that it has superior title against the named defendants (Stewart, Doung, and American Home Loan), not Fannie Mae or any of the present Defendants.

Plaintiffs further argue that because Fannie Mae did not intervene in the action that resulted in the default judgment, Fannie Mae cannot now assert its interest in the property. Plaintiffs do not cite to any legal authority to support their argument. While I agree that Fannie Mae had the option to intervene, there is no rule or evidence that Fannie Mae was required to intervene.

Based on the allegations in the complaint, taken as true, and the evidence in the record, Defendants' motion is granted for the quiet title claim.

B.  Invalid Foreclosure

On June 2, 2008, the Stewarts secured their loan with the trust deed, which named MERS as the beneficiary. After the Stewarts defaulted in August 2009, Fannie Mae acquired title to the property in February 2010. Plaintiffs' claim for invalid foreclosure is based on the argument that MERS cannot be the beneficiary on the trust deed that was involved in the Stewarts' transaction. Pls.' Resp. 3-4. However, at the time that the Stewarts defaulted, Plaintiffs had no interest in the property. Plaintiffs had already given up title to the Stewarts on June 4, 2008. Plaintiffs have no standing to challenge the Stewarts' foreclosure. Defendants' motion is granted for the invalid foreclosure claim.

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, Defendant's motion for judgment on the pleadings [#13] is granted.

IT IS SO ORDERED.

Dated this 19 day of July, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge